IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| DAVID SANCHEZ, | CASE NO.3:17-CV-02592 |
| Petitioner, | JUDGE JOHN R. ADAMS |
| v. | MAGISTRATE JUDGE |
| | WILLIAM H. BAUGHMAN, JR. |
| WARDEN CHARLOTTE JENKINS, | |
| Respondent. | REPORT AND RECOMMENDATION |

**Introduction**

Before me by referral[1] is the *pro se* petition of David Sanchez for a writ of habeas

corpus under 28 U.S.C. § 2254.[2]  Sanchez pled guilty in 2015 to one count of rape and was

then sentenced by the Common Pleas Court of Putnam County to term of nine years in

prison.[3] He is currently incarcerated by the State of Ohio at the Allen-Oakwood

Correctional Institution in Lima, Ohio.[4]

---

[1] The matter was referred to me by United States District Judge John R. Adams under
Local Rule 72.2 by a non-document order entered on January 2, 2018.
[2] ECF No. 1.
[3] *Id*.
[4] See, *id*. Although Sanchez was incarcerated at the Chillicothe Correctional Institution in
Chillicothe, Ohio at the time this petition was filed, he has since been relocated to the
Allen-Oakwood Correctional Institution. http:appgateway.drc.ohio.gov/offendersearch

In his petition Sanchez raises nine grounds for relief.[5] The State, in its return of the writ, maintains that portions of the petition should be dismissed as procedurally defaulted or non-cognizable and that the balance of the petition should be denied as without merit.[6] Sanchez has filed a traverse.[7]

I will recommend that the petition be dismissed in relevant parts as procedurally defaulted, or non-cognizable, as explained below.

## Facts and Course of Proceedings

A.    *Background facts, plea and sentence*

The relevant facts in this matter are straightforward and arise from the vaginal digital penetration of a thirteen-year-old girl while she was sleeping.[8]

After being indicted in 2015 on counts of rape and gross sexual imposition, Sanchez, through retained counsel, entered a plea agreement whereby the gross sexual imposition charge would be dropped in exchange for a plea of guilty to the charge of rape.[9] At the subsequent plea hearing, the plea colloquy established that Sanchez understood he was pleading guilty to the single charge of rape, and that conviction on that charge carried a mandatory minimum sentence of three years in prison and a potential maximum sentence

---

[5] ECF No. 1 at 5-10, 16-17.
[6] ECF No. 13.
[7] ECF No. 16.
[8] ECF No. 13 at 3 (citing record).
[9] *Id*. at 2.

of 11 years.[10] Sanchez then further acknowledged that he had a right to appeal within 30 days from the entry of sentence.[11]

Sanchez was then pled guilty to the single count of rape, and the remaining count of gross sexual imposition, as well as a companion case, were dismissed.[12] On October 15, 2015 Sanchez was sentenced to nine years in prison and was required to register as a Tier III sex offender.[13]

B.     Direct appeal

1.     Court of appeals

On February 8, 2016, Sanchez, *pro se*, filed a notice of appeal, as well as a motion to file a delayed appeal.[14] In the motion, Sanchez claimed that he had not filed a timely appeal because his trial attorney had told him he could not appeal from a guilty plea, but that he had learned in prison that an appeal was possible.[15] The Ohio appeals court denied the motion to file a delayed appeal, finding that Sanchez had not shown sufficient reason for the delay, noting that Sanchez had been advised in the plea colloquy of his right to

---

[10] *Id.* (citing record).
[11] *Id.* at 3 (citing record).
[12] *Id.* (citing record).
[13] *Id.* at 4 (citing record).
[14] *Id.* (citing record).
[15] *Id.* (citing record).

appeal.[16] After Sanchez moved for reconsideration of that decision, on April 18, 2016, the Ohio appellate court denied the motion to reconsider.[17]

### 2. Supreme Court of Ohio

On May 4, 2016, Sanchez, *pro se*, filed a notice of appeal with the Supreme Court of Ohio.[18] In his memorandum in support of jurisdiction Sanchez raised the following two propositions of law:

> 1. The appellant has been denied due process of law and equal protection of the law because the T.D.A.C.[19] [*sic*] did not view him under less stringent standards in violation of the 5th and 14th Amendments of the United States Constitution and Section 2, 16; Article I of the Ohio Constitution.

> 2. The appellant has been denied due process and equal protection of the law because the T.D.A.C. [*sic*] denied his only right to appeal on the record ineffective assistance of counsel in violation of the 5th and 14th Amendments of the United States Constitution and Section 2, 16; Article I of the Ohio Constitution.[20]

---

[16] *Id*. (citing record).

[17] *Id*. (citing record).

[18] *Id*. at 5 (citing record).

[19] The State observes that these initials appear to stand for "Third District Appeals Court."

[20] ECF No. 13 at 5 (quoting record).

On August 31, 2016, the Supreme Court of Ohio declined to accept jurisdiction of the appeal.[21] The record does not show that Sanchez sought a writ of certiorari from the Supreme Court of the United States.

### C.    *Post-conviction petition to vacate or set aside judgment*

On October 3, 2016, Sanchez, *pro se*, petitioned the trial court to vacate or set aside the judgment of conviction and sentence on the following grounds:

1.  Trial counsel was ineffective for his failure to file a motion pursuant to Crim. R. 12(C)(2), (3).

2.  Trial counsel was ineffective because he used coercion to persuade the petitioner to plead guilty to the Case No. 15-CR-29 indictment.

3.  Due to trial counsel's ineffective assistance during the petitioner's sentencing hearing the petitioner received three (3) additional years to the sentence that counsel claimed the petitioner would actually be receiving.

4.  Trial counsel was ineffective because he allowed the petitioner to plead guilty to Count I of the Case No. 15-CR-29 indictment without waiting the trial court's ruling on the motion *in limine* to exclude Facebook messages.

---

[21] *Id.* (citing record).

5.  Trial counsel was ineffective for his failure to request the State to change the rape charge set forth in the petitioner's indictment to a G.S.I. charge or sexual battery charge based on the evidence he reviewed regarding NC.[22]

After recounting the procedural history, the trial court made findings of fact and conclusions of law, noting, *inter alia*:

8.  … the Defendant entered a plea of guilty to Count I, Rape, a felony of the first degree carrying a potential sentence of 11 years in prison, with a mandatory term. The Defendant was represented by retained counsel.

\*\*\*

10.  The State of Ohio represented that the factual basis of the complaint was vaginal digital penetration by the Defendant of a thirteen-year-old victim Jane Doe while she was sleeping. The Defendant specifically acknowledged vaginal digital penetration of the victim and acknowledged that the victim was sleeping. The Defendant specifically acknowledged the age of the victim, the sexual conduct involved, and that the victim was sleeping [*sic*].

\*\*\*

12.  [The appeals court rejected Sanchez's motion to file a delayed appeal by finding that] The sentencing judgment reflects that Appellant appeared with counsel and

---

[22] *Id*. at 5-6 (citing record). The fifth ground was added in a supplemental filing. NC are the initials of the victim.

was afforded all rights under Crim. Rule 32. In addition, contradicting Appellant's claim to the contrary, the sentencing judgment reflects that Appellant was advised that he had the right to have counsel appointed for filing the appeal timely, but no request was made.[23]

On January 18, 2017 the trial court then concluded that there was no substantive basis to vacate or set aside judgment and so dismissed the petition.[24]

On February 3, 2017, Sanchez, *pro se*, then appealed that decision to the Ohio appellate court.[25] Sanchez raised six assignments of error. He initially raised the first five claims he originally asserted to the trial court, in identical language.[26] As his sixth assignment of error Sanchez stated:

6.    The trial court abused its discretion because it failed to conduct an evidentiary hearing regarding the issues the appellant presented in his post-conviction petition.[27]

After the State responded,[28] and Sanchez replied,[29] the Ohio appeals court found that assignments of error 1-5 were all claims of ineffective assistance of trial counsel that should have been raised on direct appeal, were not so raised and were now barred by Ohio's doctrine of *res judicata*.[30] As to the final assignment of error, the appeals court concluded

---

[23] ECF No. 13, Attachment at 181.
[24] *Id.* at 182.
[25] ECF No. 13 at 6 (citing record).
[26] *Id.* at 6-7 (citing and quoting record).
[27] ECF No.13, Attachment at 188.
[28] *Id.* at 223.
[29] *Id*. at 233.
[30] *Id*. at 241-48.

that because Sanchez had not produced sufficient documentary evidence to show the existence of any prejudicial errors related to any of his claims of ineffective assistance of counsel, the trial court did not abuse its discretion in not holding an evidentiary hearing.[31] Accordingly, on July 27, 2017, the appeals court affirmed the judgment of the trial court.[32] A motion for reconsideration[33] was denied.[34]

Sanchez, *pro se*, then filed a notice of appeal with the Supreme Court of Ohio,[35] raising the identical six claims as were raised to the appeals court in his memorandum in support of jurisdiction.[36] On September 13, 2017, the Ohio Supreme Court declined to accept jurisdiction.[37] The record does not show that Sanchez sought a writ of certiorari from the Supreme Court of the United States.

### D.    *Federal habeas petition*

On December 4, 2017,[38] Sanchez, *pro se*, filed the present petition for federal habeas relief, setting forth the following nine grounds:

1.    Ineffective assistance of counsel.

---

[31] *Id*. at 248-49

[32] *Id*. at 249.

[33] *Id.* at 251.

[34] *Id*. at 257.

[35] *Id*. at 258.

[36] *Id*. at 260.

[37] *Id*. at 293.

[38] This is the date Sanchez attests that entered his petition into the prison mail system for filing. ECF No. 1.

2.      The Petitioner has been denied due process and equal protection of the law because the Third District appellate court did not view him under less stringent standards in violation of the 5th and 14th Amendments of the United States Constitution and Section 2, 16; Article I of the Ohio Constitution.

3.      The Petitioner has been denied due process and equal protection of law because the Third District appellate court denied his only right to appeal on the record ineffective assistance of counsel in violation of the 5th and 14th Amendments of the United States Constitution and Section 2, 16; Article I of the Ohio Constitution.

4.      Trial counsel was ineffective for his failure to file a motion pursuant to Crim. R. 12(C)(2) & (3).

5.      Trial counsel was ineffective because he used coercion to persuade the petitioner to plead guilty to the case no. 15-cv-29 indictment.

6.      Due to trial counsel's ineffective assistance during the petitioner's sentencing hearing the petitioner received Three (3) additional years to the sentence that counsel claimed that petitioner would actually be receiving.

7.      Trial counsel was ineffective because he allowed petitioner to plead guilty to Count I of the Case No. 15-CR-29 indictment without allowing the trial court to rule on the motion in limine to exclude Facebook messages.

8.    Trial counsel was ineffective for his failure to request the State to change the rape charge set forth in the petitioner's indictment to a G.S.I. charge or a sexual battery charge based on the evidence that he reviewed regarding NC.

9.    The Third District appellate court abused its discretion because it barred five of the petitioner's assignments of error by using the doctrine of *res judicata*.[39]

The State, in its return of the writ, argues that grounds 1, 5, 6, 7, and 8 should be dismissed as procedurally defaulted. It further argues that grounds 2, 3, 4 and 9 should be dismissed as non-cognizable. Finally, it argues in the alternative that the procedurally defaulted grounds should be denied on the merits.[40]

Sanchez filed a traverse,[41] maintaining, among other things, that his ineffective assistance arguments:

(1) cannot be procedurally defaulted because he included them in his motion to file a delayed appeal submitted to the Ohio appeals court (thus, according to Sanchez, he did not fail to bring them before that court);[42]

(2) cannot be barred by reason of Ohio law by *res judicata.*[43]

---

[39] ECF No. 1 at 5-18.
[40] ECF No. 13.
[41] ECF No. 16.
[42] *Id*. at 2-4.
[43] See, *id*. at 7, 8, 10.

He further maintains that the sentencing record shows that the State and the defense had agreed to just a six year sentence.[44]

Analysis

A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Sanchez is currently in state custody as the result of his conviction by an Ohio court, and was so incarcerated at the time he filed this petition. Thus he meets the "in custody" requirement of the federal statute vesting this Court with jurisdiction.

2.    It appears that the present petition was not timely filed.[45] Sanchez's conviction was entered by the trial court on October 15, 2015 and he did not timely appeal. The judgment became final, and the one-year AEDPA period began, on November 15, 2015, or when time had expired for filing an Ohio appeal.[46] When Sanchez timely moved[47] the trial court to vacate or set aside the judgment on October 3, 2016, 43 days remained in the AEDPA period. The time taken for consideration of that motion and for the subsequent appeal lasted until September 13, 2017, when the Ohio Supreme Court declined

---

[44] *Id*. at 9.
[45] The State did not address the issue of timeliness.
[46] 28 U.S.C. § 2244 (d) (1) (A).
[47] In matters that were not appealed, motions to vacate are to be filed within one year of the date for filing an appeal. Ohio Rev. Code § 2953.21 (A)(2).

jurisdiction.[48] Because post-conviction proceedings are not part of the direct review, no tolling of the limitations period is provided for any time beyond that which would be needed to seek a writ of certiorari in that situation.[49] Thus, 43 days remained in the one-year period when the Ohio Supreme Court declined to accept jurisdiction on September 13, 2017. Sanchez filed this federal habeas petition on December 4, 2017, or 82 days after the ruling of the Ohio Supreme Court and so 39 days after the AEDPA period expired.

As noted, the State did not acknowledge or discuss the timeliness of the present petition in its return of the writ. Consequently, Sanchez, in his traverse, also did not attempt to make a case for equitably tolling the statute of limitations.

In that regard, I note that the Supreme Court has stated that district courts are permitted, but not obliged, to *sua sponte* consider the issue of a petition's timeliness but may not then dismiss a petition as untimely without first giving the parties notice that the petition is apparently untimely filed and hearing their positions.[50]

3.    As Sanchez states,[51] and my own review of this Court's docket confirms, this is not a second or successive petition for habeas relief as to this conviction and sentence.

---

[48] The question of when tolling ends in the context of a post-conviction petition is not entirely clear, especially as concerns situations such as the potential for reconsideration of a final order. See, *Hollbrook v. Curtin*, 833 F.3d 612 (6th Cir. 2016).

[49] *Lawrence v. Florida*, 549 U.S. 327 (2007).

[50] *Day v. McDonough*, 547 U.S. 198 (2006).

[51] ECF No. 1 at 12.

4.      It appears, subject to the procedural default and waiver issues discussed below, that these claims have been totally exhausted in Ohio courts.

5.      Finally, Sanchez has not sought the appointment of counsel nor an evidentiary hearing in this matter.

B.      Grounds 1, 5, 6, 7 and 8 – procedural default

As noted, the State argues that these grounds should be dismissed as procedurally defaulted. The will be examined *seriatum*.

*Ground One*

In this ground Sanchez claims his trial counsel was ineffective for incorrectly telling him that he could not appeal from his conviction and sentence.[52] However, to the extent that the factual basis for this claim lies outside the record, Sanchez was required to assert it at the earliest opportunity, which would have been in his post-conviction motion.[53]

---

[52] ECF No. 1 at 5. As the State notes, this example is one of 4 examples given in the petition for Ground One. However, example 2 (concerning the standard used by the Ohio appeals court) and example 3 (claiming Sanchez has been foreclosed from raising ineffective assistance of counsel on appeal) do not themselves assert any example of ineffective assistance of counsel – the heading and subject of Ground One. Further, the fourth example – asserting that Sanchez "received ineffective assistance of counsel throughout all of his state court proceedings" – is merely a general conclusion without specific claims, and is also belied by the fact that Sanchez represented himself in his delayed direct appeal, and in proceedings arising from his motion to vacate or set aside the conviction and sentence.

[53] An Ohio appeals court on direct appeal may only consider ineffective assistance of trial counsel claims arising from facts appearing on the record. Claims that arise from facts dehors the record must be asserted to the trial court in a post-conviction petition. *Hull v. Mitchell*, 842 F.3d 910, 937 (6th Cir. 2016).

Sanchez failed to raise this claim in any of the five specific claims of ineffective assistance. Thus, because it has never been properly presented to nor considered by any Ohio court and Sanchez may not now return to those courts to assert such a claim, it is now procedurally defaulted.[54]

If, however, Sanchez were to claim here that the factual grounds for his claim of improper advice by his trial attorney are apparent on the face of the record, he needed to raise this claim on direct appeal. In that regard, Sanchez failed to timely file a notice of appeal, giving as his reason the substance of the present Ground One – that his counsel improperly advised him that he could not appeal. The state appeals court found that this reason was not sufficient to permit the filing of a delayed appeal, noting – as was detailed above – that the record of the sentencing hearing itself shows that Sanchez was advised he had a right to appeal.

Critically, for purposes of the procedural default analysis, Sanchez's argument as to purported ineffective assistance as regards alleged misinformation concerning an appeal was not even presented to this Ohio appeals court as an assignment of error, but merely as a basis for filing late. This point is highlighted by the fact that when Sanchez sought to appeal to the Ohio Supreme Court from the appeals court decision that rejected his delayed appeal, he did not include any claim concerning purported ineffective assistance of trial counsel as to any rights to appeal among his two propositions of law.

---

[54] *Matthews v. Jones*, 2015 WL 545752, at *6 (N.D. Ohio Feb. 15, 2015) (citations omitted).

Accordingly, the record shows that in the direct appeal process – the point at which Sanchez could first assert an ineffective assistance claim arising from facts on the record[55] - Sanchez did not properly raise this argument even initially to the Ohio appeals court, and certainly did not raise it in any fashion to the Supreme Court of Ohio. In short, except for initially claiming it as the reason for his late filing in the court of appeals, Sanchez never properly and timely raised this claim as an assignment of error or proposition of law to any Ohio court. Thus, as stated above, inasmuch as he is precluded from returning to those courts to now raise the claim, it is procedurally defaulted.

That said, Sanchez has not established either cause for these defaults nor prejudice. In particular, there can be no cause outside of Sanchez himself[56] for failing to raise this claim in either the direct appeal that Sanchez submitted *pro se* or in the post-conviction motion, where Sanchez also acted *pro se*, and where he raised five detailed claims against trial counsel but did not include this one. Nor can Sanchez here establish actual innocence since he pleaded guilty and admitted on the record the facts of the offense.[57]

Alternatively, this ground is without merit inasmuch as the Ohio appeals court, while evaluating Sanchez's basis for submitting an untimely appeal, found from its review

---

[55] Sanchez acted *pro se* in submitting the delayed appeal and so was able to raise claims concerning any ineffectiveness of his retained trial counsel.
[56] *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (citation omitted).
[57] See, *Wiles v. Warden*, 2015 WL 4467766, at *6 (S.D. Ohio July 21, 2015) (in evaluating a claim of actual innocence after a guilty plea courts may look to facts to which the petitioner has admitted) (internal citation omitted).

of the record, that Sanchez was properly informed at the sentencing hearing of his rights to appeal.[58]

*Grounds Five, Six, Seven and Eight*

In Ground Five Sanchez asserts that his trial counsel provided ineffective assistance because he coerced Sanchez into accepting the guilty plea. He contends that the State had agreed to a plea deal with a six-year non-mandatory sentence and to accept an *Alford* plea (a fact he contends could be established from affidavits of family members), but when the State failed to honor that agreement, his trial counsel pressured him to accept the plea anyway.

Ground Six alleges that trial counsel was ineffective for subjecting Sanchez to a sentence greater than what had allegedly been agreed to. Once again, Sanchez claims support for a different, original plea agreement by reference to letters from family members that he claims trial counsel failed to submit to the court prior to sentencing.

Ground Seven contends that trial counsel was ineffective because he permitted Sanchez to plead guilty before the trial court had ruled on a motion in limine to exclude the text of Facebook messages between Sanchez and the victim.

---

[58] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court.

Ground Eight argues that trial counsel was ineffective because he failed to have the State change the rape charge to a lesser offense, such as gross sexual imposition or sexual battery.

Sanchez first raised all these claims in his post-conviction motion to vacate filed with the trial court. As noted, that court denied the motion and, when the claim was again presented to the appeals court on appeal, that court affirmed the judgment of the trial court. The appeals court in this instance, after initially stating the rule that a defendant must raise issues that can be resolved on the record only on direct appeal, found that Sanchez should have raised all these matters at direct appeal, given the existence of a lengthy, on-the-record plea colloquy.[59] In addiition, the court further stated that to "survive preclusion by *res judicata*," Sanchez would here have to "produce new evidence that would render the judgment void or voidable" and "must also show that he could not have appealed the claim based upon the information contained in the original record."[60] Because he neither produced new evidence that renders the plea void or voidable nor made a showing that he could not have raised these claims on direct appeal, the state court found that consideration of these claims were precluded by *res judicata*.[61]

In addition to noting that these claims should now be dismissed as procedurally defaulted, the State observes that they are without merit. In particular, the State points to the plea colloquy where Sanchez stated on the record that he understood that rape carries a

---

[59] See, ECF No. 13, Attachment at 247.

[60] *Id*.

[61] *Id.*

mandatory minimum sentence of three years and potential maximum sentence of eleven years.[62] In that regard, Sanchez signed a plea form setting out those facts in writing.[63]

My own examination of the plea hearing also shows that the trial court specifically asked Sanchez:

* if he knew that the State was going to remain silent as to any sentence recommendation;[64]

* if he was entering his plea voluntarily;[65]

* was satisfied with his attorney's "advice and *his competence*";[66]

* whether there had "been any other negotiations or agreements other than what you've heard here in the courtroom."[67]

At the very least this confirms the finding of the appeals court that grounds 5, 6, 7 and 8 are procedurally defaulted because they could have been asserted on direct appeal, inasmuch as they all concern claims that arise from this on the record colloquy. Further, because the points in this colloquy – and by extension in these four grounds for relief - were reviewed and substantiated by the factual findings of the state trial court that denied

---

[62] ECF No. 13, Attachment 2 at 3-4.
[63] *Id*. at 2.
[64] ECF No. 13, Attachment 3 at 3.
[65] *Id*. at 5.
[66] *Id*. (emphasis added).
[67] *Id*. at 6.

the post-conviction motion to vacate, I alternatively recommend that these grounds be denied on the merits.

C.      Ground Four – waived

In Ground Four Sanchez contends his counsel was ineffective because he failed to file a motion under Ohio Criminal Rules 12(C)(2) and (3), which rules pertain to dismissals based on defects in the indictment and suppression of evidence.

Sanchez has waived this ground by pleading guilty.[68] "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[69]

D.      Grounds Two, Three, Nine – non-cognizable

In Ground Two Sanchez asserts that the Ohio appeals court erred by not holding him to a less stringent standard than it would employ with a licensed attorney. In Ground Three, he claims that the Ohio appeals court denied him due process by denying him leave to file a delayed appeal. In Ground Nine, he maintains that the Ohio appeals court abused its discretion by barring consideration of his five claims of ineffective assistance of counsel following the denial of his post-conviction motion.

---

[68] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).
[69] *Id.*

Federal habeas relief is not available to remedy alleged failure of state court, under state rules, to permit a delayed appeal.[70] Claims for violations of state law are not cognizable in a federal habeas court.[71] Indeed, federal courts do not function as a state appeals court reviewing alleged errors of state law or procedure.[72] Thus, Grounds Two and Three are non-cognizable.

Further, as to the claim that the Ohio court abused its discretion, such a claim does not state a claim under the United States Constitution and so is non-cognizable.[73]

## Conclusion

For the reasons stated above, I recommend that the *pro se* petition of David Sanchez for a writ of habeas corpus be dismissed as procedurally defaulted in part, waived in part and non-cognizable in part, as is more fully set forth above.

IT IS SO RECOMMENDED.

Dated: November 22, 2019                    s/William H. Baughman Jr.
                                            United States Magistrate Judge

---

[70] *Korbel v. Jeffreys*, 2007 WL 3146248 at * 3(S.D. Ohio October 24, 2007).
[71] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[72] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).
[73] *Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[74]

---

[74] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh g denied*, 474 U.S. 1111 (1986).